UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO. 3:96CR185(RNC) |
| MARCOS PAPPAS | : |

RULING ON MOTIONS

Pending before the court are competing motions filed in response to the court's September 2011 Order (doc. #456) unsealing case document #231. For the reasons set forth below, the government's Motion for Reconsideration of the order (doc. #469) is granted, the defendant's Motion for Enforcement of the order (doc. #470) is denied as moot, and Doc. #231 is ordered to remain sealed.

A. Procedural History

In July 1997, after a criminal trial, defendant Markos Pappas was convicted of Conspiracy to Distribute a Controlled Substance, Conspiracy to Retaliate against a Witness, and Retaliating against a Witness. (Doc. #187.) In February 1998, the government filed Doc. #231, which was a sealed, ex parte Motion to Continue Sentencing Date. Judge Dorsey granted the government's motion and postponed sentencing for six weeks. In

March 1998, Judge Dorsey sentenced Pappas to 30 years of incarceration. (Docs. #243, #246.)

In October 2001, Pappas filed a Motion to Unseal four case documents, including Doc. #231. (Doc. #321.) In March 2003, Judge Dorsey granted the motion. (Doc. #358.) However, in September 2003, Judge Dorsey ordered that Doc. #231 remain sealed and gave the following explanation:

> In 3/03, Government's Ex Parte Motion (#231) was unsealed. With respect to #231, the order granting that unsealing (#358) is hereby vacated for security reasons. It is noted, however, that the information contained in #231 was considered for no other purpose than scheduling the date of sentencing. The motion had no impact on the actual sentence imposed. It is hereby ordered that Government's Ex Parte Motion #231 be SEALED.

(Doc. #364.)

In July 2011, eight years later, Pappas filed a second Motion to Unseal and for Disclosure of Doc. #231. (Doc. #455.) The government did not oppose the motion. In September 2011, Judge Dorsey granted the Motion to Unseal without providing any explanation. (Doc. #456.)

After Judge Dorsey passed away in January 2012, the case was transferred to District Judge Robert N. Chatigny, who referred it to the undersigned. (Doc. #467.) In August 2012, after three motions for extension of time, the government filed the pending Motion for Reconsideration. (Doc. #469.) Pappas

responded by filing the pending Motion for Enforcement. (Doc. #470.)

B. Discussion

The standard for granting a motion for reconsideration "is strict, and reconsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 790 (1981)).

In this case, reconsideration is appropriate to prevent a manifest injustice. The court has reviewed Doc. #231 in camera review and concludes that the document should remain sealed for several reasons. First, the sealed document contains information provided by a person cooperating with a government investigation. Disclosure of the document would reveal the informant's identity to Pappas, who was convicted in 1997 on two counts of witness intimidation. Second, the document does not

3

fall within the ambit of material required to be disclosed under Brady v. Maryland, 373 U.S. 83 (1963), or Giglio v. United States, 405 U.S. 150 (1972). Finally, there is nothing in Doc. #231 to support Pappas's argument that it affected his sentence. Judge Dorsey plainly articulated in 2003 that "the information contained in #231 was considered for no other purpose than scheduling the date of sentencing" and "had no impact on the actual sentence imposed."[1] (Doc. #364.) In light of the foregoing, Pappas is not entitled to the document, and there is good cause for allowing it to remain sealed.

C. Conclusion

The government's Motion for Reconsideration, doc. #469, is granted. It is hereby ORDERED that Doc. #231 shall remain sealed, and Pappas's Motion for Enforcement, doc. #470 is denied as moot.

SO ORDERED at Hartford, Connecticut this 28th day of December, 2012.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```

---

[1] The court does not speculate as to Judge Dorsey's reason for subsequently unsealing the document in 2011 but notes that no opposition to the motion was filed at that time.

4